UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALOYSIUS P. FRANKLIN, | No. 2:15-cv-2081 GEB CKD P |
| Petitioner, | |
| v. | ORDER |
| E. VALENZUELA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner challenges his 2011 conviction for second degree robbery with personal use of a firearm, for which he was sentenced to a prison term of 19 years. (ECF No. 1 at 9-10.) Petitioner concedes that several of his claims are unexhausted.  He asks that "ruling on his exhausted claims be held until unexhausted claims [can] be presented to the state court, and then all claims, properly exhausted, can be considered in the federal court at one time." (Id. at 4.) In the body of the petition, petitioner lists both exhausted and unexhausted claims. (Id. at 13-21.)

////

1

I. Exhaustion of State Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Here, the petition is a mixed petition containing both exhausted and unexhausted claims. As petitioner seeks a stay of this action pending exhaustion, he will have an opportunity to file a motion for either a Kelly stay or a Rhines stay, described below.

II. Procedures for Exhausted/Unexhausted Claims

Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.

The "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process:

(1) petitioner amends his petition to delete any unexhausted claims,

(2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and

(3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A petitioner who proceeds under Kelly may amend his petition with newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions.[1] If a petitioner's newly-exhausted claims are

---

[1] The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date

2

untimely, he may amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. See King, 564 F.3d at 1140–41; see also Duncan v. Walker, 533 U.S. 167, 172–75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).[2]

The United States Supreme Court has authorized a second procedure for pursuing both exhausted and unexhausted claims, set forth in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted and unexhausted claims, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). To obtain a Rhines stay of a mixed petition pending exhaustion of the unexhausted claims, the petitioner must show that (1) the unexhausted claims are potentially meritorious; and (2) petitioner had good cause for his earlier failure to exhaust state remedies. 544 U.S. 269.

Because it is not clear which type of stay he seeks, petitioner will be granted thirty days to indicate how he wishes to proceed. He may file an amended petition containing only exhausted claims along with a motion pursuant to Kelly seeking to stay this action pending exhaustion of the unexhausted claims. Or, he may file a motion under Rhines seeking to stay this action pending exhaustion of the unexhausted claims, showing both good cause and potential merit as described above. If petitioner fails to elect one option within the time allotted, his mixed petition will be dismissed without prejudice.

---

on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[2] Unlike the Rhines procedure described below, the Kelly procedure does not require a showing of good cause. King, 564 F.3d at 1140. Rather, "a petitioner may invoke Kelly's three-step procedure subject only to the requirement that the amendment of any newly-exhausted claims back into the petition must satisfy Mayle [v. Felix, 545 U.S. 644, 650 (2005)]." Id. at 1143; see id. at 1142 ((Mayle requires new claims to relate back to claims that were exhausted at the time of filing).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted; and

2. Petitioner is granted thirty days from the date of this order to file either:

(1) an amended petition containing only exhausted claims, accompanied by a motion to stay this action pursuant to Kelly while petitioner exhausts state remedies for the unexhausted claims; or

(2) a motion to stay this action pursuant to Rhines while he exhausts state remedies for the unexhausted claims.

Failure to comply with this order will result in this action being dismissed without prejudice.

Dated:  November 17, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / frank2081.103mix