UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALOYSIUS P. FRANKLIN,<br><br>    Petitioner,<br><br>    v.<br><br>E. VALENZUELA,<br><br>    Respondent. | No. 2:15-cv-2081 GEB CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his 2011 conviction for second degree robbery following a jury trial in the San Joaquin County Superior Court.  Previously, the court determined that petitioner's original petition contained both exhausted and unexhausted claims.  (ECF No. 6.)

    Petitioner has filed an amended petition and a motion to stay this action pursuant to Rhines v. Weber, 544 U.S. 269, 277 (2005).  (ECF Nos. 8 & 9.)  In the amended petition, petitioner claims:

    (1) The trial court abused its discretion by denying petitioner his request for continuance to retain private counsel;

    (2) Ineffective assistance of counsel for failure to file an identification motion;

1

(3) The in-court witness identification was a violation of due process; and

(4) Trial counsel was ineffective for allowing a firearm enhancement.

(ECF No. 8 at 3-5.)

Petitioner also lists several other claims which have not been presented to any court. (Id. at 5.) He indicates these claims are based on "newly discovered evidence found in transcripts." (Id.) In the body of the amended petition, petitioner alleges that the prosecutor withheld exculpatory evidence; that the trial court erred in imposing an illegal sentence enhancement; that petitioner's custodial interrogation violated the Sixth Amendment; that he was convicted through the use of false evidence; and other claims. (Id. at 9-12.)

In his Rhines motion, petitioner represents that the amended petition is "mixed." (ECF No. 9 at 1.) To obtain a Rhines stay of a mixed petition pending exhaustion of the unexhausted claims, the petitioner must show that (1) the unexhausted claims are potentially meritorious; and (2) petitioner had good cause for his earlier failure to exhaust state remedies. 544 U.S. at 278.

The court first addresses the "potential merit" prong. Under Rhines, a district court abuses its discretion in granting a stay when petitioner's unexhausted claims are "plainly meritless." 544 U.S. at 277; see also Cassett v. Stewart, 406 F.3d 614, 623-624 (9th Cir. 2005) ("We now join our sister circuits in adopting the Granberry[1] standard and hold that a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.").

Even assuming arguendo that petitioner's claims are potentially meritorious, he has not satisfied the "good cause" test as required by Rhines. Petitioner asserts that, even though he asked his appellate attorney to raise certain issues on appeal, the attorney failed to raise those claims and petitioner could not do so himself. (ECF No. 9 at 2-3.) Petitioner further asserts that he did not discover some of the claims until he received the trial transcripts. (Id.)

Rhines does not go into detail as to what constitutes good cause for failure to exhaust. The Supreme Court has noted in dicta that "[a] petitioner's reasonable confusion about whether a

---

[1] Granberry v. Greer, 481 U.S. 129, 135 (1987).

state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust, Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), and the Ninth Circuit has held that a showing of good cause does not require "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Recently, the Ninth Circuit noted that "[a]n assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). However, "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Id.

In Blake, the Ninth Circuit held that ineffective assistance of counsel by post-conviction counsel can be good cause for a Rhines stay. Id. at 983. Moreover, "good cause under Rhines, when based on IAC, cannot be any more demanding than a showing of cause under Martinez [v. Ryan, --- U.S. 132 S. Ct. 1309 (2012)] to excuse state procedural default." Id. at 983-84. In Martinez, the Supreme Court held that "a prisoner may establish cause for a default of an ineffective assistance claim" where his post-conviction counsel "was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984)[.]" See also Coleman v. Thompson, 501 U.S. 722, 755 (1991) ("We reiterate that counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation.").

The Blake court concluded that petitioner satisfied the good cause standard where he argued that his post-conviction counsel "failed to conduct any independent investigation or retain experts in order to discover the facts underlying his trial-counsel IAC claim; namely, evidence that Blake was" subjected to severe abuse as a child and suffered from brain damage and psychological disorders. 745 F.3d at 982 (internal quotation marks omitted). The petitioner supported this argument with extensive evidence, including psychological evaluation reports, a declaration by the private investigator who worked briefly for his post-conviction attorney, and thirteen declarations from petitioner's family and friends describing his "abhorrent" childhood conditions. Id. at 982-83. The Blake court concluded that petitioner had met the Coleman/Martinez standard for good cause, "leav[ing] for another day whether some lesser showing will suffice to show good cause under Rhines." Id. at 983-84 & n.7.

////

Here, petitioner supplies no evidence that his appellate counsel was constitutionally ineffective for failing to raise certain claims on appeal. From the petition alone, it is impossible to determine whether his appellate attorney was ineffective under the Strickland standard.

On the record before the court, petitioner has not shown "good cause" under Rhines. Thus the undersigned will recommend that the amended petition be dismissed as "mixed" and petitioner be directed to file a second amended petition containing only exhausted claims. See 745 F.3d at 980 (mixed petition must be dismissed, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."), citing Rose v. Lundy, 455 U.S. 509 (1982).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for stay (ECF No. 9) be denied;

2. The amended petition (ECF No. 8) be dismissed as "mixed";

3. Petitioner be directed to file a second amended petition containing only exhausted claims; and

4. Petitioner be advised that failure to timely file a second amended petition will result in dismissal of this action, without prejudice to re-filing if and when state remedies are exhausted as to all claims therein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

////

////

////

4

1 | Petitioner is advised that failure to file objections within the specified time may waive the right to
2 | appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | Dated: February 2, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / fran2081.stay